IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THRU TUBING SOLUTIONS, INC., | No. 4:23-CV-01476 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ANDREW ROBBINS and WORKOVER SOLUTIONS, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**JANUARY 31, 2024**

## I.     BACKGROUND

Plaintiff, Thru Tubing Solutions, Inc. ("TTS"), asserts claims for breach of contract, trade secrets violations, and tortious interference with contract against Defendants Andrew Robbins and Workover Solutions, Inc. ("WOS").[1] After the Court granted TTS's Motion for a Temporary Restraining Order,[2] the parties were ordered to submit the relevant electronic devices to an independent forensic analyst.[3] While the forensic analysis was ongoing, the Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).[4] The Court granted in part and denied in part this motion; TTS was then given until December 26, 2022 to file an amended complaint or else its claim for tortious

---

[1]   *See* Doc. 1 (Compl.).
[2]   *See* Doc. 7 (Motion for Temporary Restraining Order).
[3]   *See* Doc. 13 (Order Granting Motion for Temporary Restraining Order).
[4]   *See* Doc. 25 (Motion to Dismiss).

interference with contract would be subject to dismissal with prejudice.[5] Plaintiff now asks the Court to reconsider this part of its Order and to dismiss this claim without prejudice and without any other conditions.[6]

**II.  LAW**

Typically, a final judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence … or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[7] However, when dealing with a nonfinal, interlocutory order, courts have much broader authority to revise the order "when consonant with justice to do so."[8] Because this Court's Order granting in part and denying in part Defendants' Motion to Dismiss is not a final judgment, it constitutes an interlocutory order and will be governed under the broader "consonant with justice" standard.[9]

"Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior

---

[5]  *See* Doc. 35 (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss).
[6]  *See* Doc. 38 (Brief in Support of Motion for Reconsideration) at 1-2.
[7]  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[8]  *St. Mary's Area Water Auth. V. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)); *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 310-11 (3d Cir. 2018) ("We have, on occasion, stated that lower courts possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.") (cleaned up).
[9]  The proper vehicle for reconsideration is Federal Rule of Civil Procedure 54, which provides the Court with discretion to "modify any earlier order." *Confer v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991) (citing *Juzwin v. Amtorg, Trading Corp.*, 718 F. Supp. 1233, 1234 (D.N.J. 1989)).

2

decision."[10] A "motion for reconsideration is 'not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'"[11] In other words, it "should not be used to try to get a 'second bite at the apple,' or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question."[12]

### III. ANALYSIS

In support of this Motion, Plaintiff emphasizes that the parties have only completed limited discovery and that additional forensic analysis is ongoing.[13] "[W]ithout the benefit of this forthcoming additional information[,]" TTS is "not yet able to ascertain whether it can or cannot plead" a tortious interference claim.[14] TTS argues that dismissing this claim without prejudice and without any further conditions is consistent with the "mandate that leave to amend shall be freely given when justice requires."[15]

In response, the Defendants contend that "if there were any purposeful action[s] taken by Robbins or WOS to negatively impact the business interests of

---

[10] *Oazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (citing *Confer*, 760 F. Supp. at 77).
[11] *Id.* (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).
[12] *Id.* (cleaned up) (quoting *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) *and McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).
[13] *See* Doc. 38 (Brief in Support of Motion for Reconsideration) at 2, 6.
[14] *Id.* at 7.
[15] *Id.*

TTS, that evidence would already be known by TTS."[16] Robbins and WOS also assert that any delay in the forensic investigation can be attributed to TTS's own failure to diligently pursue discovery.[17] As such, the Defendants believe that Plaintiff has had ample opportunity to replead this claim and ask the Court to deny this Motion.[18]

Although the Court shares some of the Defendants' skepticism, Plaintiff's Motion for Reconsideration is granted. Given the ongoing forensic investigation and the "liberal pleading philosophy of the federal rules,"[19] the Court's prior dismissal of this claim without prejudice conditioned upon filing an amended complaint by December 26, 2023 was premature. As "justice so requires[,]"[20] Count IV of the Complaint remains dismissed without prejudice, but TTS can seek leave to replead its tortious interference with contract claim in the future.

In accordance with the above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 37) is **GRANTED.**

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[16] Doc. 39 (Defendants Response in Opposition to Motion for Reconsideration) at 3.
[17] *See id.* at 4-5.
[18] *Id.* at 2.
[19] *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (quoting *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001)).
[20] *Behrmann v. Brandt*, Civ. A. No. 19-772-RGA, 2020 U.S. Dist. LEXIS 176176, at *9 (D. Del. Sep. 25, 2020) (quoting FED. R. CIV. P. 15(a)).